(160 App. Div. 107)

#### CLEVELAND KNITTING MILLS CO. v. SHAFF.

(Supreme Court, Appellate Division, Third Department.    January 7, 1914.)

1. PRINCIPAL AND AGENT (§ 103*)—AUTHORITY OF AGENT TO SELL HIS SAMPLES.

No authority of a sales agent to sell his samples is shown by the phrase, added to the testimony of his employer that they were delivered to him to be returned intact, "If a number be missing he was to pay for it."

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. § 103.*]

2. CUSTOMS AND USAGES (§ 10*)—APPLICABILITY.

Any custom in trade that a sales agent may sell soiled samples would not avail one loaning money thereon to the agent; he not having made the loan on them as soiled samples.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 11–21, 35–39; Dec. Dig. § 10.*]

3. PRINCIPAL AND AGENT (§ 103*)—BONA FIDE PURCHASER—PURCHASE OF AGENT'S SAMPLES.

One purchasing from a sales agent his samples is put on inquiry as to his authority to sell them, and this though the agent represents that he is the owner of them.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. § 103.*]

Appeal from Trial Term, Broome County.

Action by the Cleveland Knitting Mills Company against Samuel Shaff. From a judgment, upon direction of the court, for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

S. Mack Smith, of Binghamton, for appellant.

T. B. & L. M. Merchant, of Binghamton, for respondent.

SMITH, P. J. [1] The plaintiff is a foreign corporation engaged in the manufacture of knit goods at Cleveland, Ohio. Early in 1912 the plaintiff appointed one William L. Bernard its agent for the sale of said goods, and furnished him with samples thereof in two large trunks, known as sample trunks. Thereafter the said William L. Bernard pledged said goods with the defendant for a loan of $250, and upon which there was thereafter borrowed by said Bernard of the

_____
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant the sum of $50, making $300, for which the defendant claims to hold the said goods as security. A sale of said goods was thereafter had under the Lien Law, with notice to the plaintiff, at which sale the property was purchased by an agent of the defendant for the defendant. Thereafter plaintiff demanded the goods of the defendant, which demand was refused, and the plaintiff has brought this action to recover the goods or their value. Upon the trial the court refused to allow the defendant to swear to his good faith in making the loan, or to swear to the representation made by Bernard at the time that he pledged the goods, or to give evidence that it was the custom in trade for salesmen to sell samples after they had become soiled. The defendant claims error in these rulings of the court and claims to be protected by the Factors' Act, so-called. That act is now embodied in section 43 of the Personal Property Law, which, as far as applicable, provides in the first section as follows:

"Every factor or other agent * * * intrusted with the possession of any merchandise for the purpose of sale, or as a security for any advances to be made or obtained thereon, shall be deemed to be the true owner thereof, so far as to give validity to any contract made by such agent with any other person, for the sale or disposition of the whole or any part of such merchandise, for any money advanced, or negotiable instrument or other obligation in writing given by such other person upon the faith thereof."

[2, 3] The president of the plaintiff corporation swore upon the trial that these samples were delivered to the agent to be returned intact, and then added this phrase, "If a number be missing he was to pay for it." The defendant's contention is that this condition of the delivery gave the agent express authority to sell any part of these samples, and to account for the same upon the return of the samples unsold; or at least it was a question for the jury as to what was the authority of the agent. I do not read in such condition, however, any such authority. The testimony seems to me clear that the samples were to be returned intact, and for any *loss* thereof the agent was to be held responsible to the principal. If any authority to sell the samples had been intended, it would clearly have been expressed more explicitly and in different language. Nor could the defendant defend his liability by showing a custom in trade that an agent may sell soiled samples. It is not pretended that the money was loaned upon them as soiled samples. The defendant himself swears that he did not look over the goods; that he took Bernard's list; that he simply looked over three or four telescopes, and saw that they were full. If such a custom were allowed to control, however, and to authorize the sale or pledging of these samples, it would take from a principal all protection as against the conversion of samples by an agent, as it could be easily proved soon after delivery that samples were somewhat soiled. An agent selling by sample naturally needs those samples in order to accomplish the purpose of his agency. The natural inference is that the samples themselves are not for sale, and in my judgment it may well be held that ordinarily one who purchased samples of an agent is not a purchaser in good faith, and that the mere fact that they are samples is sufficient to put him upon inquiry as to the

authority of the agent to sell. Of course the representation by the agent that he was the owner, or part owner of the goods, is no protection to a purchaser, who as to this must be held to the rule of caveat emptor. It follows that the verdict was properly directed, and that the judgment and order should be affirmed with costs.

Judgment and order unanimously affirmed, with costs. All concur.